UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————————

ALI MOALAWI,

                    Plaintiff,              24-cv-5795 (JGK)

        - against -                         MEMORANDUM OPINION
                                            AND ORDER
THE CITY OF NEW YORK, ET AL.,
                    Defendants.

———————————————————————————

JOHN G. KOELTL, District Judge:

On July 22, 2024, the pro se plaintiff, Ali Moalawi, filed this action against the defendants, the City of New York, New York City Police Department ("NYPD") Detective Steven Stanley, and NYPD Detective Albert Velez. See Complaint ("Compl."), ECF No. 1. The complaint raises various claims pursuant to 42 U.S.C. §§ 1983 and 1988. See id. ¶ 19. The defendants move to dismiss the complaint in its entirety pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 12(c). For the reasons that follow, the defendants' motion is **granted**.

                              I.

Unless otherwise indicated, the following facts are taken from the complaint and are accepted as true for the purposes of deciding this motion.[1]

In 2014, the plaintiff was arrested for his involvement in

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all internal alterations, citations, footnotes, and quotation marks in quoted text.

a series of burglaries in Manhattan. Id. ¶¶ 4, 45. The plaintiff was accused of assisting Ricky Moore, the principal associated with the burglaries, as his getaway driver. Id. ¶ 4. The plaintiff was subsequently indicted for seven counts of burglary. Id. The plaintiff went to trial on the burglary counts beginning November 8, 2017, and was convicted on November 17, 2017. Id. ¶¶ 6-8. The New York State Supreme Court, Appellate Division, First Department, affirmed the plaintiff's conviction on June 17, 2021, and the New York Court of Appeals denied the plaintiff leave to appeal that decision. Id. ¶¶ 14-15. The plaintiff was released from state custody and from parole supervision in 2021. See id. ¶¶ 16-17.

The plaintiff commenced this action on July 22, 2024. ECF No. 1. The complaint brings various claims pursuant to 42 U.S.C. § 1983, including claims for false arrest, malicious prosecution, denial of the right to a fair trial, and denial of equal protection. See id. ¶¶ 76-95. The plaintiff also brings a Monell claim for municipal liability against the City. See id. ¶¶ 96-119. The crux of the plaintiff's complaint is that a violation of Brady v. Maryland, 373 U.S. 83 (1963), occurred at his criminal trial because the defendants failed to turn over

exculpatory evidence.[2] <u>See</u> Mem. of Law in Opp. to Mot. ("Opp.")
7-12, ECF No. 38.

The defendants now move to dismiss the complaint in its
entirety.[3] <u>See</u> ECF No. 28.

**II.**

To prevail against a motion to dismiss for a lack of
subject-matter jurisdiction, the plaintiff bears the burden of
proving the Court's jurisdiction by a preponderance of the
evidence. <u>Makarova v. United States</u>, 201 F.3d 110, 113 (2d Cir.
2000). In considering such a motion, the Court generally must
accept the material factual allegations in the complaint as
true. <u>See</u> <u>J.S. ex rel. N.S. v. Attica Cent. Sch.</u>, 386 F.3d 107,
110 (2d Cir. 2004). The Court does not, however, draw all
reasonable inferences in the plaintiff's favor. <u>Id.</u> Indeed,
where jurisdictional facts are disputed, the Court has the power

---

[2] The plaintiff attached to his opposition papers excerpts of the
transcript from the trial of his co-defendant, Ricky Moore. Opp.
17-31. The plaintiff argues that because exculpatory evidence
was not turned over in that case, the same <u>Brady</u> violation
occurred at the plaintiff's trial.
[3] In his opposition papers, the plaintiff also asserts for the
first time a claim for excessive detention under <u>Russo v. City
of Bridgeport</u>, 479 F.3d 196, 205 (2d Cir. 2007). But a party,
even when proceeding <u>pro se</u>, may not amend a complaint through
briefing. <u>See</u> <u>Shah v. Helen Hayes Hosp.</u>, 252 F. App'x 364, 366
(2d Cir. 2007) (summary order); <u>Wright v. Ernst & Young LLP</u>, 152
F.3d 169, 178 (2d Cir. 1998). And that claim, like those in his
complaint, relies of invalidating the state court conviction and
would fail for the same reasons his other claims fail, as
discussed below.

and the obligation to consider matters outside of the pleadings, such as affidavits, documents, and testimony, to determine whether jurisdiction exists. See APWU v. Potter, 343 F.3d 619, 627 (2d Cir. 2003).

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the allegations in the complaint are accepted as true, and all reasonable inferences must be drawn in the plaintiff's favor. McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2008). The Court's function is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). The Court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). While the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." Id. "The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that for granting a Rule 12(b)(6) motion for failure to state a claim." Lively v. WAFRA Inv. Advisory Grp. Inc., 6 F.4th 293, 301 (2d Cir. 2021).

When faced with a pro se complaint, the Court must "construe [the] complaint liberally and interpret it to raise the strongest

4

arguments it suggests." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010). "Even in a pro se case, however, . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Thus, although the Court is "obligated to draw the most favorable inferences" that the complaint supports, it "cannot invent factual allegations that [the plaintiff] has not pled." Id.; see also Yajaira Bezares C. v. The Donna Karan Co. Store LLC, No. 13-cv-8560, 2014 WL 2134600, at *1 (S.D.N.Y. May 22, 2014).

### III.

### A.

When presented with a motion to dismiss under Rule 12(b)(1) and a motion to dismiss on other grounds, the Court considers the question of subject-matter jurisdiction first. See Rhulen Agency, Inc. v. Alabama Guar. Ass'n, 896 F.2d 674, 678 (2d Cir. 1990). The defendants move to dismiss for lack of subject-matter jurisdiction under the Rooker-Feldman doctrine. The Rooker-Feldman doctrine provides that "federal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments." Hoblock v. Albany Cnty. Bd. of Elections, 422 F.3d 77, 84 (2d Cir. 2005).

"The Rooker-Feldman doctrine applies where a plaintiff seeks relief that invites a federal district court to reject or overturn a final decision of a state court as to a conviction."

Cathlin v. City of N.Y., No. 23-cv-4219, 2023 WL 6929187, at *3 (S.D.N.Y. Oct. 18, 2023) (collecting cases). Additionally, "[w]hile Rooker-Feldman would not generally preclude [a plaintiff] from bringing a § 1983 action for a violation of his constitutional rights," dismissal under the doctrine is warranted where the plaintiff "seeks nothing more than review of a state court judgment." Moalawi v. James, No. 22-cv-6770, 2023 WL 4817618, at *2 (S.D.N.Y. July 27, 2023).

The doctrine has four requirements:

(1) the federal-court plaintiff lost in state court; (2) the plaintiff complains of injuries caused by a state-court judgment; (3) the plaintiff invites . . . review and rejection of that judgment; and (4) the state judgment was rendered before the district court proceedings commenced.

Vossbrick v. Accredited Home Lenders, Inc., 773 F.3d 423, 426 (2d Cir. 2014) (per curiam). The Court of Appeals for the Second Circuit has classified the first and fourth requirements as procedural and the second and third as substantive. Hoblock, 422 F.3d at 85. The second requirement is the "core requirement" from which the other requirements derive. Id. at 87.

In this case, the procedural requirements are met. The plaintiff lost in state court when he was convicted on November 17, 2017. See Compl. ¶¶ 6-8; see also Bobrowski v. Yonkers Courthouse, 777 F. Supp. 2d 692, 705 (S.D.N.Y. 2011) ("Plaintiff lost in state court when she was convicted on October 17,

6

2007."). That judgment was entered long before the plaintiff filed this action in 2024. See ECF No. 1.

The substantive requirements are also met. In his complaint, the plaintiff alleges that he was "wrongfully incarcerated," Compl. ¶ 1, and seeks damages sustained as a result of that allegedly wrongful incarceration, despite the plaintiff's still-valid state-court conviction pursuant to which he was incarcerated.

The plaintiff contends that Rooker-Feldman does not bar his claim because this action "by its nature does not challenge the state court judgment." Opp. 8, ECF No. 38. Instead, the plaintiff claims that this action "seeks damages for independent constitutional violations that occurred during the [state's] investigation and prosecution." Id. at 5. But the plaintiff seeks compensatory damages for alleged constitutional injuries stemming from an alleged Brady violation at the plaintiff's trial, see id. at 2-7, and "Brady-based § 1983 claims necessarily imply the invalidity of the challenged conviction in the trial . . . in which the Brady violation occurred." Poventud v. City of N.Y., 750 F.3d 121, 132 (2d Cir. 2014) (en banc). "The Supreme Court [has] made clear that the [Rooker-Feldman] doctrine bars district courts from considering challenges to state court decisions[,] even if those challenges allege that the state court's action was unconstitutional." Robinson v.

7

Renwick, No. 25-cv-8512, 2025 WL 3295864, at *3 (S.D.N.Y. Nov. 26, 2025); see also Botsas v. United States, 5 F. App'x 69, 70 (2d Cir. 2001) (summary order) ("Where claims raised in a federal action are inextricably intertwined with a state court's determination, dismissal of the federal claims for lack of jurisdiction is proper."). The plaintiff's remedy is to challenge his alleged wrongful conviction in state court and seek review in the United States Supreme Court if he is dissatisfied with the result in the state courts.

Because the plaintiff has failed to establish by a preponderance of the evidence that the Court has subject-matter jurisdiction over the complaint, the defendants' motion pursuant to Federal Rule of Civil Procedure 12(b)(1) is **granted,** and the complaint is **dismissed without prejudice**. See Hernandez v. Conriv Realty Assocs., 182 F.3d 121, 123 (2d Cir. 1999) ("[W]here a court lacks subject matter jurisdiction, it also lacks the power to dismiss with prejudice.").

### B.

For the purposes of completeness, the Court also notes that the plaintiff's complaint must also be dismissed because his claims are time-barred. The statute of limitations for a § 1983 claim in New York is three years. Kane v. Mount Pleasant Cent. Sch. Dist., 80 F.4th 101, 108 (2d Cir. 2023). The plaintiff alleges he was arrested on December 19, 2014, and convicted on

November 17, 2017. Compl. ¶¶ 4, 6, 45. The last date on which the plaintiff's claims could have possibly accrued was November 17, 2017, and therefore the statute of limitations on his claims expired – at the latest – on November 17, 2020. The plaintiff did not commence this action until July 22, 2024, long after the applicable statute of limitations had run.

Because the plaintiff's claims are time-barred, the defendants' motion to dismiss pursuant to Rule 12(b)(6) is also **granted**.[4]

---

[4] The defendants also argue that certain of the plaintiff's claims are barred by Heck v. Humphrey, 51 U.S. 477 (1999). In Heck, the Supreme Court held that a plaintiff may not bring a § 1983 claim to challenge an outstanding conviction. See id. at 486-87 (a plaintiff seeking damages under § 1983 related to a conviction "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . , or called into question by a federal court's issuance of a writ of habeas corpus."). However, the Court of Appeals for the Second Circuit has held that the Heck bar does not apply where, as here, federal habeas relief is unavailable to a plaintiff. See Huang ex rel Yu v. Johnson, 251 F.3d 65, 75 (2d Cir. 2001). Moreover, on July 3, 2025, the United States Supreme Court granted certiorari in Olivier v. City of Brandon, to decide, in part, whether Heck bars § 1983 claims by plaintiffs even where they never had access to federal habeas relief. See 141 S. Ct. 2871 (2025); Petition for Writ of Certiorari, Olivier, 141 S. Ct. 2871 (No. 24-993). The parties do not appear to dispute that federal habeas relief has never been available to the plaintiff. Because the Rooker-Feldman doctrine and the applicable statute of limitations clearly bar the plaintiff's claims, it is unnecessary to reach the issue of whether the Heck bar applies to the plaintiff's claims.

## CONCLUSION

The Court has considered all of the parties' arguments. To the extent not specifically addressed, those arguments are either moot or without merit. For the foregoing reasons, the defendants' motion to dismiss is **granted** and the case is **dismissed without prejudice.**

The Clerk is respectfully requested to close all pending motions, to enter judgment dismissing this case without prejudice, and to close this case.

The Clerk is also requested to mail a copy of this Memorandum Opinion and Order to the pro se plaintiff and to note mailing on the docket.

SO ORDERED.
Dated:    New York, New York
          January 9, 2026

_____
John G. Koeltl
United States District Judge